BOARD OF COMMISSIONERS OF BUTLER COUNTY ET AL. *v.* THE STATE, EX REL. DAVIS, AUDITOR.

*County commissioners — Fixing compensation of assistants to auditor — Funds not available — Refusal to comply with court's order — Borrowing money and issuing certificates — Section 5548, General Code (107 O. L., 38, 40), construed — Assessment of realty for taxation.*

1. The act of county commissioners in fixing and determining an amount to be expended by the auditor in the employment of expert assistants, clerks, etc., for the purpose of making a new appraisement of taxing districts for the year 1917 constitutes the fixing and appropriating of a certain sum out of the general funds of the county to be *expended by the auditor* for that purpose, and the fact that there were no county funds available at the time the commissioners were ordered by the court to make such appropriation, out of which an appropriation could have been made for the purpose, constitutes a valid excuse for failure to comply with the court's order.

2. Section 5548, General Code (107 O. L., 38, 40), relating to the assessment of real estate for taxation, provided only for raising the necessary money with which to defray the expense of making up a valid duplicate for the year 1917, and county commissioners were without power under this section, on March 4, 1918, to borrow money and issue certificates of indebtedness with which to pay the expense of making up a duplicate for 1917.

(Decided July 1, 1918.)

ERROR: Court of Appeals for Butler county.

*Mr. B. A. Bickley,* prosecuting attorney; *Mr. M. O. Burns* and *Mr. Ben. T. Harwitz,* for plaintiffs in error.

*Messrs. Andrews & Andrews,* for defendant in error.

WILSON, J. On or about April 21, 1917, the relator, the auditor of Butler county, Ohio, requested the board of county commissioners to fix and determine the amount to be expended by relator in the payment of compensation for expert assistants and clerks, and other employes, to enable said relator to make an appraisement for purposes of taxation of certain taxing districts in Butler county, in the sum of $12,000. The commissioners refused to fix and determine the amount at the sum of $12,000, and refused to fix and determine any amount.

On May 21, 1917, the relator filed suit in the common pleas court of Butler county against the county commissioners of said county, alleging the foregoing facts, and asking that a writ of mandamus issue commanding said board to fix and determine the amount to be expended by relator for the purposes of said appraisement. And on October 20, 1917, said court on consideration of the petition of the plaintiff, the answer of the defendant, and the evidence, ordered and adjudged that a peremptory writ of mandamus issue against said board of county commissioners, commanding that "within ten days after service of this writ said board of county commissioners fix and determine

the amount to be expended by said auditor for the
compensation of said expert assistants, clerks and
employes, and for maps, plats, books, lists of trans-
fers, and other things necessary to be provided in
order to assess and appraise the real estate in each
and all of said subdivisions."

From this judgment an appeal was taken by the
county commissioners, on November 13, 1917, to
the court of appeals, and in said court the relator,
defendant in error, filed a motion to dismiss the
appeal.   By consent of counsel and parties it was
agreed that said board of county commissioners
need not act on said writ until after said court of
appeals had passed on the motion to dismiss said
appeal.   In February, 1918, said appeal was dis-
missed,* and thereafter on March 4, 1918, the re-
lator caused an alias peremptory writ of mandamus
to be issued and served upon said board.   It there-
upon, on said March 4, 1918, became the duty of
the county commissioners to act in compliance with
the order of court by fixing and determining the
amount to be expended by the relator for the pur-
pose, or to refuse to comply with the order.   The
commissioners refused to comply with the order of
court, for the reasons set forth in their answer
filed in these proceedings of contempt.

On March 22, 1918, charges of contempt were
filed in the common pleas court by Quincy A.
Davis, auditor of Butler county, charging the
county commissioners with having failed, neglected
and refused to obey the order of the court.   An-
swer was filed by the commissioners setting forth

* See *post,* 299, for opinion dismissing appeal.—REPORTER.

as reasons for having declined to comply with the order of the court: (1) that they were unable at that time to appropriate any sum of money for the purpose, for the reason that all public moneys derived from taxation had been theretofore appropriated and that there were no further funds unappropriated; (2) that they were advised that no authority existed at that time to issue bonds to raise money for that purpose; and (3) that the year 1917 had passed, and as a taxing year was at an end, the said reappraisement asked for the year 1917 would be a nullity.

A hearing of said charges was had, and the court found "that *by law* they [the commissioners] have sufficient authority to perform the duty and carry out the acts which said defendants were commanded to do in said writ by this court," and that by their refusal they "have placed themselves in a position of disobeying the orders of this court" and are therefore in contempt of court, and ordering that they comply within ten days with the former order of the court and in default thereof be committed to the jail of Butler county until they comply with such orders.

Error from that finding and judgment has been prosecuted to this court.

The judgment of the common pleas court awarding a peremptory writ of mandamus is a finality, and the only question now presented for the consideration of this court is, as this court interprets the record, whether or not there was any justification or valid excuse on the part of the county commissioners for their refusal to comply with the mandatory writ issued by the court.

The court below found and so held that "by law they [the county commissioners] have sufficient authority to perform the duty and carry out the acts which said defendants were commanded to do in said writ." Could the county commissioners, at that date, have lawfully fixed and determined the amount to be expended by the auditor in the employment of expert assistants, clerks, etc., for the purpose of making a new appraisement of taxing districts for the year 1917? Counsel in the case do not seem to agree as to the force and effect, or nature and character, in law, of such an order when made by the commissioners.

To the mind of the court such an order could be nothing more nor less than the fixing and appropriating of a certain sum out of the general funds of the county to be *expended by the auditor* for that purpose. If it were not an appropriation, of what avail could such an order be? If the fund were not appropriated the auditor could not proceed to employ assistants, and incur obligations therefor, which would be binding upon the county, and certainly the law and the court should and would not require them to do a vain thing—to perform an act which when performed would be a nullity.

It is very evident that the auditor understood it to be an appropriation that he was asking for. The defendant in error offered in evidence a communication from the auditor to the county commissioners (record, page 3) under date of February 19, 1918 (fourteen days prior to the issuing of the writ of mandamus), in which the auditor states: "Pending the decision of the Circuit Court in re

the decision in Mandamus rendered by Judge Kyle against your Board ordering an *appropriation* to be made to defray the cost and expense of a reappraisal of the real estate," etc., "do therefore ask your Board to *appropriate* the sum of $12,000.00 to defray the cost and expense of a reappraisal."

The contempt charged is that "on the 4th day of March, 1918, this relator caused an alias writ of peremptory writ of mandamus to be issued and to be served on said board of county commissioners, all of which was duly done and that *thereupon* said board of county commissioners in open session passed a resolution to the effect that they would not obey said peremptory writ of mandamus and would not do and perform any of the acts therein commanded by this court that they should do. That the members of the board of county commissioners *thereby* contemptuously ignored and disobeyed the order of this court, and the said members of said board of county commissioners are therefore in contempt of this court."

The auditor testified on the hearing of these contempt proceedings (record, 1) as follows:

"Q. How long would it take you to prepare such a statement, showing any surplus in any funds in Butler County, Ohio, that is unappropriated?

"A. Under what date?

"Q. The fourth of March, 1918?

"A. The money was all appropriated on the 4th day of March. But before that there was money not appropriated; when this writ of mandamus was given the money was not appropriated."

In other words, at the date when the commissioners are charged with having violated the order the auditor testifies there was no unappropriated fund from which such appropriation could have been made.

The court is therefore of the opinion that the fact that there were no county funds at that time available out of which an appropriation could have been made for the purpose constitutes a valid excuse for the failure to comply with the court's order.

The second excuse offered by the commissioners, viz., that no authority existed at that time (March 4, 1918) to issue bonds to raise money for that purpose, calls for the construction of Section 5548, General Code, relating to the assessment of real estate for taxation, 107 Ohio Laws, 38, 40, where it is provided as follows:

"If, upon the taking effect of this act there are not sufficient funds in the treasury of any county to provide for the requirements of this section for the year 1917, the county commissioners may borrow the amount so required, and issue certificates of indebtedness therefor, payable not later than three years from the date thereof," etc.

The legislature undoubtedly intended thereby to make provision for raising the necessary money with which to defray the expense of making up a valid duplicate for the year 1917 in counties where funds were not available for that purpose. It had no reference to duplicates for succeeding years, as ample provision is made by law for raising such funds by taxation and appropriation, which provision, however, could not have been availed of by

the county officials for the 1917 duplicate, owing to
the fact that the present act providing for the as-
sessment of real estate for taxation was not passed
until March 21, 1917. On March 4, 1918, the tax
duplicate for 1917 for Butler county had been made
and delivered to the treasurer and he had collected
one-half of the 1917 taxes thereon. It was there-
fore beyond the power of the auditor to make an-
other and a different duplicate for 1917 at the time
the commissioners are charged with refusing to
make an appropriation for that purpose.

The court is therefore of the opinion that the
commissioners were on March 4, 1918, without
power and authority under said act to borrow
money and issue certificates of indebtedness with
which to pay the expense of making up a duplicate
for 1917, and for that reason also they should be
excused from making the appropriation ordered
under said writ.

It appears from the record (page 3) that the
auditor of Butler county on February 19, 1918
(fourteen days before the act of contempt was al-
leged to have been committed), requested an ap-
propriation by the commissioners for certain
amounts to cover the expenses to be incurred in his
office for the six months beginning March 1, 1918,
in conformity with statutory requirements, and
that among the items enumerated was one for "Re-
appraisal real estate Butler County, $12,000."
Counsel for relator in his brief (page 6) says: "At
the time the budget committee met for the levy for
1918 it had, we may presume, in the orderly course
of official duty, before it *this very expenditure and
provided for it.*" In other words, provision has

been made for the doing in 1918 of the very thing that was sought to be done in 1917, and the appropriation of $12,000 therefor has been made. That being so, if the commissioners were now required to make an appropriation for that purpose under the writ of mandamus, it would be twice appropriating funds of the county for that purpose, which in itself would be an illegal act and would in law constitute a misappropriation of public funds.

The commissioners were on March 4, 1918, advised that the auditor had on February 19, 1918, requested them to make an appropriation of $12,000 for the same purpose, in the budget of expenses of his office submitted to the commissioners on that date.

The court is constrained therefore to hold that it was beyond the power of the commissioners on March 4, 1918, to make the appropriation called for by said writ and thereby comply with the order of the court, and that such want of power constituted a good and valid excuse for their failure to obey said order, and that said board of county commissioners and the members thereof should not be held in contempt of said order.

It is therefore ordered by the court that the judgment and order of the court below in finding them guilty of contempt, and the imposition of a penalty therefor, be reversed, and that the complaint be dismissed.

*Judgment accordingly.*

JONES, P. J., and HAMILTON, J., concur.