GOODRICH, ADMR., v. CITY OF CLEVELAND.

*Negligence—Exercise of care—Pedestrian at street crossing—*
*Traffic ordinance—Error to direct verdict—Contributory neg-*
*ligence—Conflict of evidence.*

1. The mere failure of a pedestrian to look to the right in crossing
   a street, when, according to all traffic rules traffic would
   ordinarily be expected to come only from the left, is not in
   itself a failure to exercise ordinary care.
2. In an action for wrongful death of a pedestrian it is error
   for the trial court to direct a verdict for the defendant on
   the ground that the decedent was guilty of contributory neg-
   ligence, where the evidence shows that decedent was almost
   totally deaf and that the motor truck which struck him was,
   at the time of the accident, on the left side of the street,
   contrary to traffic rules; the evidence not being clear as
   to whether the decedent started from the curb before or
   after the truck turned the corner into the street decedent
   was crossing and there being a conflict in the evidence as
   to the speed of the truck and the distance of decedent from
   the curb at the time of the collision.

(Decided September 30, 1921.)

ERROR: Court of Appeals for Cuyahoga county.

*Messrs. Payer, Winch, Minshall & Karch,* for
plaintiff in error.

*Mr. W. B. Woods* and *Mr. W. D. Cole,* for defend-
ant in error.

SULLIVAN, J. This cause comes into this court
on error to the court of common pleas of Cuyahoga
county. Plaintiff in error here was plaintiff below.

At the conclusion of the testimony in the court
below a motion was made by the defendant that
the court instruct the jury to return a verdict for
the defendant. This motion was based upon two
grounds, to-wit:

1. That the undisputed testimony showed that the decedent, W. H. Fowler, was himself negligent with respect to his injuries, and that such negligence contributed to and was in part the direct and proximate cause of the injuries which resulted in his death.

2. That there was no proof of the pecuniary loss to the widow and next of kin of the decedent.

The second ground for the motion was not seriously pressed at the hearing in this court.

The action was for the recovery of $25,000 for the wrongful death of plaintiff's decedent, Dr. W. H. Fowler.

The amended petition alleged, and the proof tended to show, that on the 29th of August, 1916, the decedent was walking in a westerly direction across Ontario street in the city of Cleveland, and had reached a point in the street about eight or ten feet west of the easterly curb of Ontario street, and about fifteen to twenty feet south of Euclid avenue, and that while so doing he was struck by a fire apparatus truck of the city of Cleveland which was coming from the east on Euclid avenue and which turned south near the southeast corner of Euclid avenue and Ontario street. The evidence further tended to show that the truck stopped at a distance of ten or twelve feet from the point of the accident.

To hold that the decedent was not in the exercise of ordinary care in crossing the street because he did not look to the right, when, according to all the rules of the traffic on said street, it would be only from the left that traffic could be ordinarily expected, we think unwarrantable.

The court directed a verdict for the defendant on the ground that decedent was guilty of negligence tantamount to contributory negligence, according to the undisputed evidence, but in ruling upon the motion did not pass upon the second ground alleged in the motion, to-wit, that there was no evidence of any pecuniary loss to the widow. According to the record the decedent was a man about seventy-six years of age, and according to the testimony was almost totally deaf. The evidence is conflicting as to how many feet from the east curb of Ontario street the decedent stood at the time of the accident. It is conceded that the fire apparatus truck at the time he was struck was on the left side of Ontario street, contrary to the mode of general traffic. There is scant evidence of eyewitnesses as to decedent leaving the curb, but the weight of the testimony is that he was about three steps, or about ten feet, from the curb, so that the determination of the question whether or not decedent was guilty of contributory negligence depends largely upon whether he left the curb after the fire apparatus truck had turned south on Ontario, or was at the time the fire apparatus truck turned south on Ontario about ten feet away from the curb and proceeding on his general direction to his destination, whatever it might be, in a northwesterly direction. One witness testified that the fire apparatus truck was going from thirty to forty miles an hour, another ten to twelve. The evidence is not *undisputed* upon this very material point as bearing upon the question of contributory negligence. Certain testimony appears in the case that from the time the fire apparatus truck turned on Euclid avenue into Ontario street only about a

second of time elapsed until the decedent was struck. The decedent was held to the exercise of ordinary care, but one of the elements that should be taken into consideration in determining this point is the fact that general traffic on the east side of Ontario street, coming in the direction of the decedent, came from the south, and not from the north, as bearing upon the question whether the decedent exercised ordinary care in not looking to the right, or the north, before attempting to cross the street, or in continuing to cross the street after having started. The evidence is far from clear that the decedent started from the curb across Ontario street toward the west after the fire apparatus truck had turned or driven onto Ontario street. If the decedent had started from the curb to cross Ontario street after the fire apparatus truck had turned south onto Ontario, there would be an entirely different question in this case.

The fact that the decedent was almost deaf is a very material matter which should be taken into consideration in determining whether or not there was contributory negligence *per se,* as the court below held. We think that the location of the decedent, about ten feet west of the east curb, at almost exactly the same time that the fire apparatus truck turned south, that it only took a second of time for the fire apparatus truck, after it turned south on Ontario street, to collide with the decedent, and that the decedent was almost deaf, fairly raised issues of fact below which the plaintiff was entitled to have the jury consider, as bearing upon the question of contributory negligence. The location, the deafness, the fire apparatus truck going south on the left-hand side of the street, and the

speed of the same, were elements in the case about which different minds might disagree, and we are of the opinion that these questions, under a proper charge of the court, should have been submitted to the jury, and we think that it was error prejudicial to the plaintiff below to direct a verdict for the defendant. The failure of the plaintiff to look to the right, when under the ordinary rules traffic came from the opposite direction, we think is not the deciding element of contributory negligence, as the court below seemed to hold.

As a basis for this opinion we cite *Cleveland, Columbus & Cincinnati Rd. Co.* v. *Crawford, Admr.*, 24 Ohio St., 631, and quote from the 2d, 3d, 4th, 5th and 6th propositions of the syllabus, as follows:

"2. But the omission to use such precautions, by a person injured, will not defeat his action, if, by due diligence in their use, the consequence of the defendant's negligence would not have been avoided.

"3. Nor will the failure to use such precautions be regarded as negligence on the part of the plaintiff, if, under all the circumstances of the case, a person of ordinary care and prudence would be justified in omitting to use them.

"4. In an action for damages for alleged negligence, the question of negligence on the part of the defendant, or of contributory negligence on the part of the plaintiff, is a mixed question of law and fact, to be decided by the jury, under proper instructions from the court.

"5. But, if all the material facts touching the alleged negligence be undisputed, or be found by the jury, and admit of no rational inference but that of negligence, in such case the question of negligence

becomes a matter of law merely, and the court should so charge the jury.

"6. If, however, the testimony be conflicting, the facts uncertain, or the proper inferences to be drawn therefrom doubtful, in such case it would be error for the court to withdraw the case from the jury, or direct them to return a particular verdict."

We are also of the opinion that the decision of our supreme court in *Gibbs* v. *The Village of Girard*, 88 Ohio St., 34, is applicable to the situation in the case at bar, and we quote paragraph 4 of the syllabus:

"What is ordinary care, what is reasonable safety, and the like, are, in the first instance, usually questions for the determination of the jury under all the evidence and proper instructions by the court appropriate to the particular circumstances of each case and the issues thereof."

From the allegations of the amended petition and from the aforesaid state of the evidence it would appear that one of the issues in the case which might arise could be based upon the doctrine of last chance. As above stated, there was evidence tending to show that the fire apparatus truck used but one second of time from the turning of the corner to the point of the collision.

From this state of the evidence the decedent was from seven to ten feet from the east curb of Ontario street. Under such circumstances the question might properly arise as to whether the decedent left the east curb *at* or *after* the time the said truck turned on to Ontario street, or whether he was already on Ontario street and on his way across said street. Whether he had time to retrace his steps

and go back to the east sidewalk of Ontario street, or whether in the exercise of ordinary care he should have continued in the direction he started, or whether under these circumstances the driver of the fire apparatus truck ought to have slowed up in an attempt to prevent the collision, would be questions about which different minds might reasonably differ, and therefore the subject became one of inquiry for the jury. We think that the location of decedent and the driver, as above stated, fairly raised an issue of fact which ought to have been submitted by the court to the jury. In this respect there was, in our judgment, at least a scintilla of evidence, if not more, bearing upon an issue raised by the amended petition and the evidence, and under the ruling in *Gibbs* v. *Village of Girard, supra,* it ought, in our judgment, to have been submitted to the jury.

As to the alleged error that there was no evidence bearing upon damage or pecuniary interest, from a reading of the record we have come to the conclusion that the evidence discloses that there was some evidence upon that question, and that it was the province of the jury instead of the court to consider it. Upon this question, however, as we said before, the court below did not pass.

It is the opinion of this court that there was error below, and the case is reversed and remanded to the court below for trial.

*Judgment reversed, and cause remanded.*

VICKERY, P. J., and INGERSOLL, J., concur.