BENNETT, APPELLEE, *v.* McDONALD, APPELLANT.*

(No. 5266—Decided November 28, 1962.)

*Messrs. Cherpas, Manos & Syracopoulos,* for appellee.
*Messrs. Dalessio, Blakemore & Rothal,* for appellant.

HUNSICKER, P. J. On May 2, 1960, at or about 9 o'clock p. m., Joseph E. Bennett proceeded to cross South Arlington Street, Akron, Ohio, from the east side to the west side

---

*Motion to certify the record overruled (38014), May 8, 1963.

thereof.  The place of crossing was at the intersection of Wane Road, a private street.  The nearest crosswalks were an unreasonable distance apart.  As Mr. Bennett was about to step from the street onto the west curb of South Arlington Street, he was struck by an automobile being driven by John L. McDonald, and suffered serious physical injuries.

Mr. Bennett was blind in the left eye, having lost such sight in 1906, when he was eight or nine years old.  His vision in the right eye was less than the normal 20/20 vision, although he insisted he could see very well.

Mr. Bennett said he looked to the north and to the south before starting to cross the highway.  He said he saw that there was no vehicular traffic on the highway between the distant crosswalks, and that the traffic lights at such intersections were red for north and south traffic.  At that time he began to cross the street, which had three traffic lanes for northbound traffic and three lanes for southbound traffic.  It was when he had crossed all but the last, or curb, lane, of the southbound traffic portion of the street that he was struck and injured.

A jury returned a verdict for Mr. Bennett; and it is from the judgment rendered thereon that an appeal is brought to this court by Mr. McDonald, who says the trial court erred: in overruling a motion for a directed verdict; in overruling a motion for judgment notwithstanding the verdict; and in overruling a motion for a new trial.

Mr. McDonald further says the judgment is against the manifest weight of the evidence, and also, that:

"II. The court erred in its refusal to submit to the jury certain interrogatories requested by defendant and its submission of other interrogatories requested by defendant.

"III. The court erred in its charge to the jury as to plaintiff's condition and as requested by defendant."

In our consideration of this case we shall direct our attention specifically to assigned errors II and III, set out verbatim above.

Counsel for appellant, McDonald, submitted seven interrogatories to the trial court, with request that they be submitted to the jury separately and independently.  These interrogatories are as follows, with a statement after each as to the ruling by the trial court:

84

"Interrogatory No. 1: Do you find from the preponderance of the evidence that the defendant, John McDonald, was negligent?" ALLOWED.

"Interrogatory No. 2: If the answer to Interrogatory No. 1 is 'yes,' then of what did this negligence consist?" ALLOWED.

"Interrogatory No. 3: Do you find from a preponderance of the evidence that the plaintiff, Joseph B. Bennett, was in the exercise of due care in crossing South Arlington Street?" REFUSED.

"Interrogatory No. 4: What do you find from the evidence was the proximate cause of the injuries to plaintiff, Joseph B. Bennett?" ALLOWED.

"Interrogatory No. 5: Do you find from a preponderance of the evidence that the plaintiff, Joseph B. Bennett, was negligent in crossing South Arlington Street at the time in question?" REFUSED.

"Interrogatory No. 6: Do you find from a preponderance of the evidence that the plaintiff, Joseph B. Bennett, contributed proximately in the slightest degree to cause his resultant injuries?" REFUSED.

"Interrogatory No. 7: From a preponderance of the evidence, was the negligence of the plaintiff, Joseph B. Bennett, the sole cause of the accident in question?" REFUSED.

These interrogatories were submitted pursuant to Section 2315.16, Revised Code. This section says that, when requested by either party, the trial court shall instruct the jurors "* * * specially to find upon particular material allegations contained in the pleadings controverted by an adverse party * * *."

The Revised Code of Ohio also provides for special verdicts and general verdicts. In no case may a jury, without direction by the trial court, return a special verdict. See: Sections 2315.12, 2315.13, 2315.14, and 2315.15, Revised Code.

The statutes with respect to special verdicts and interrogatories were amended in 1955 (126 Ohio Laws, 62 *et seq.*), and such amendments so changed the trial procedure with reference thereto that much confusion arose in the trial courts concerning the type of question to submit to the jury. In the case of a special verdict, the question must be as to a "determinative issue." Section 2315.15, Revised Code. In the case of inter-

rogatories, the question must be as to "particular material allegations contained in the pleadings controverted by an adverse party * * *." Section 2315.16, Revised Code.

There should thus be no confusion or mingling of questions, for since a special verdict cannot be returned by the jury without a direction by the court, a series of questions, some of which are "determinative issues" and some "particular allegations contained in the pleadings controverted by an adverse party" is improper. The trial court should, when only a general verdict is to be returned, refuse to submit those questions that are only proper where a special verdict is called for.

In *Miller* v. *McAllister*, 169 Ohio St., 487, at p. 494, the court said:

"* * * Under the new statutes, a special verdict form should embrace only 'determinative issues,' and determinative issues are ultimate issues which when decided will definitely settle the entire controversy between or among the parties, so as to leave nothing for the court to do but to enter judgment for the party or parties in whose favor such determinative issues have been resolved by the jury."

It was thus not error prejudicial to the substantial rights of the appellant to refuse to give some of the requested interrogatories.

We now direct our attention to the claim that the trial court erred when it refused to give a requested instruction to the jury The request was made after argument. The trial court did give in his own language an instruction on the subject of the care that Mr. Bennett should exercise in the light of his physical infirmity.

The law is well settled that a trial court is not required to give a requested instruction after argument in the precise language as submitted, but it is sufficient if the substance thereof is given in the general charge. *Rheinheimer* v. *Aetna Life Ins. Co.*, 77 Ohio St., 360.

The trial court did in its general charge to the jury say with respect to the subject of Mr. Bennett's physical disability that:

"In determining whether or not the plaintiff exercised ordinary care for his own safety, his disability or infirmity must be considered as one of the attendant circumstances. In other words, the standard of care which must be exercised is still or-

dinary care, but the disability or infirmity is deemed one of the circumstances. If he used that degree of care that the ordinarily prudent person exercised under all the circumstances, he was not negligent. If he did not use that degree of care, he was negligent. If that negligence, in some degree, contributed to the accident, if you so find he was negligent, and if you so find to the accident and his injury, he cannot recover.''

Is this a correct statement of the law of Ohio on this subject?

Theretofore the trial court had correctly charged on the subject of ordinary care, which is the proper standard of care to be exercised by the parties herein. The amount of care may be increased in a case such as we have herein, but the standard remains fixed, for it is always ordinary care under the circumstances. The circumstances, then, are to be regarded in determining whether ordinary care has been exercised.

The trial court in the instant case followed the rule laid down in the case of the *Cleveland, Columbus & Cincinnati Rd. Co.* v. *Terry*, 8 Ohio St., 570, which early case has not been overruled or changed since its pronouncement in 1858.

In 83 A. L. R. (2d), 769, is an annotation on the subject ''Contributory negligence, in motor vehicle accident case, of pedestrian under physical disability.'' The text writer, citing many authorities, says, at page 771:

''* * * the courts, as a general rule, apply the standard that a disabled person, whether blind, deaf, aged, or lame, will be expected to exercise that degree of care which an ordinarily prudent person similarly afflicted would have exercised under comparable circumstances. * * *''

See, also, *Goodrich, Admr.*, v. *City of Cleveland*, 15 Ohio App., 15.

It is the conclusion of this court that the trial judge did not err when he charged the jury as he did with respect to the degree of care that must be exercised by one injured who is suffering a physical disability.

We have examined all claimed errors, and find none prejudicial to the substantial rights of the appellant, and the judgment must be affirmed.

*Judgment affirmed.*

DOYLE and STEVENS, JJ., concur.