**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2369
_____

JUSTIN PIERZNIK,
Appellant

v.

COMMISSIONER SOCIAL SECURITY
_____

Appeal from the United States District Court
of New Jersey
(District Court No. 1:20-cv-12507)
District Court Judge: Honorable Christine P. O'Hearn
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a) on
March 24, 2023

Before: JORDAN, GREENAWAY, JR., and MCKEE *Circuit Judges*

(Opinion filed: June 15, 2023)

_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

McKEE, *Circuit Judge*.

Appellant Justin Pierznik appeals the District Court's decision affirming the Social Security Administration Acting Commissioner's denial of his claim for social security disability benefits.[1] For the following reasons, we will affirm.

**I.**[2]

The role of this Court, like that of the District Court, is to determine whether the Commissioner's decision is supported by substantial evidence.[3] Substantial evidence must be "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[4] We will uphold the Commissioner's decision "if it is supported by substantial evidence, even if we would have decided the factual inquiry differently."[5]

**II.**

---

[1] After the Acting Commissioner denied Appellant's claims initially and on reconsideration, Appellant requested a hearing before an Administrative Law Judge. The ALJ found that Appellant was not disabled. Appellant's request for review by the Appeals Council was denied. Consequently, the ALJ's decision became the Commissioner's final decision on Appellant's claim. *See Hartranft v. Apfel*, 181 F.3d 358, 359 (3d Cir. 1999).

[2] The District Court had jurisdiction to review the final decision of the Commissioner under 42 U.S.C. §§ 405(g) and 1383(c)(3). We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.

[3] *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."); *see also Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 200 (3d Cir. 2008).

[4] *Reefer v. Barnhart*, 326 F.3d 376, 379 (3d Cir. 2003) (quoting *Smith v. Califano*, 637 F.2d 968, 970 (3d Cir. 1981)); *see also Johnson*, 529 F.3d at 200.

[5] *Hartranft*, 181 F.3d at 360.

Appellant raises multiple issues on appeal. Most of his claims relate to his argument that the Administrative Law Judge erred by not giving controlling weight to the opinion of his treating physician, Dr. David P. Aita. Appellant contends that, had the ALJ properly weighed the opinion, he would have found Appellant to be disabled or, if not, at least arrived at a different Residual Functional Capacity determination.

Although a treating physician's opinion is often weighed more heavily than other evidence in the record, it is not automatically determinative. To be given controlling weight, the opinion must be "well-supported by medically acceptable . . . techniques and . . . not inconsistent with the other substantial evidence."[6] The ALJ maintains authority to weigh the medical opinions in the record and to "make the ultimate disability and RFC determinations."[7]

We consider whether the ALJ's disability and RFC determinations—and his underlying decision to adopt some of Dr. Aita's opinions while rejecting others—were supported by substantial evidence.[8] We hold that they were. As the District Court rightly observed, the ALJ offered a detailed explanation of his decisions, in which he acknowledged and weighed the multiple opinions in the record. The ALJ explained that the Dr. Aita opinions he did not adopt were "vague" because they "failed to address specifically [Appellant's] function-by-function abilities in vocational terms."[9] He also

---

[6] 20 C.F.R. § 404.1527.

[7] *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011).

[8] *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive. . . ."); *see also Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 200 (3d Cir. 2008).

[9] App. 110.

noted that they were "inconsistent" with other evidence he considered.[10] This is supported by substantial evidence such that a "reasonable mind" would accept it as adequate to support his disability[11] and RFC determinations.[12] Consequently, though we are not unsympathetic to Appellant, the law and our standard of review do not allow us to disturb the ALJ's findings.

Appellant also argues that the ALJ erred in relying upon testimony from the vocational expert. He contends that the expert was unreliable because he proposed two jobs—Order Caller and Photocopy-Machine Operator—that include or may include responsibilities prohibited by Appellant's RFC. He also argues that the ALJ erred by accepting an obsolete job and by relying on the expert's calculations of the number of jobs available to Appellant in the national economy. Appellant, however, points to

---

[10] *Id.* The ALJ explained that Dr. Aita's ambiguous conclusions "limited the probative value of his opinion" and that his conclusion that Appellant "would require additional supervision was unsupported and inconsistent with [Appellant's] limited mental health treatment, limited positive examination findings, and reported functioning . . . which suggested that he did not require such a limitation." *Id.* Appellant argues that the ALJ improperly relied on these three pieces of evidence (which he dubbed the "Three ALJ Reasons") to find inconsistencies with Appellant's limitations but offers scant evidence or legal analysis to support that assertion.

[11] Appellant asserts that there was not substantial evidence to support the ALJ's finding that he was not disabled under Listings 12.04 or 12.06. *See* 20 C.F.R., pt. 404, subpt. P, app. 1, §§ 12.04(B), 12.06(B). He contends that the ALJ failed to "provid[e] detail regarding claimant's allegations." Appellant's Brief, 47. We disagree and adopt the District Court's extensive analysis of the ALJ's detailed examination of Appellant's claims. *See Justin P. v. Kijakazi*, No. CV 20-12507 (CPO), 2022 WL 2965857, at *5-8 (D.N.J. May 31, 2022).

[12] *Reefer v. Barnhart*, 326 F.3d 376, 379 (3d Cir. 2003) (quoting *Smith v. Califano*, 637 F.2d 968, 970 (3d Cir. 1981)); *see also Johnson*, 529 F.3d at 200.

4

nothing to support these arguments or to demonstrate that the ALJ's conclusions were not based on substantial evidence.

As to Appellant's first argument, an examination of the jobs' Dictionary of Occupational Titles entries reveals that neither requires significant interaction with people that would violate Appellant's RFC.[13] While we are sympathetic to Appellant's second argument that the job of Addresser is likely obsolete, the ALJ need only establish that a claimant is capable of performing one job that exists in significant numbers in the national economy.[14] Finally, we reject Appellant's arguments that there is a meaningful difference between "full time" and "full time equivalent" based simply on the definition of "equivalent."[15]

## III.

For the reasons described above, we therefore will affirm the District Court.

---

[13] *See* DOT 209.667-014 and DOT 207.685-014.

[14] 20 C.F.R. § 416.966(b); *see also Penrose v. Comm'r of Soc. Sec.*, No. 20-00011, 2020 WL 7640585, at *7 (D.N.J. Dec. 23, 2020).

[15] App. 19. As the District Court rightly noted, "Black's Law Dictionary . . . defines 'equivalent' as '[e]qual in value, force, amount, effect, or significance[;] [c]orresponding in effect or function; nearly equal; virtually identical.'" *Id.* (alterations in original) (citing *Black's Law Dictionary*, 682 (11th ed. 2019).